**WO**                                                                                         JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DeVon Washington, | No.    CV-24-00398-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

On August 14, 2024, Plaintiff DeVon Washington, who is confined in the Arizona State Prison Complex (ASPC)-Tucson, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a November 19, 2024 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint curing the deficiencies identified in the Order.

On November 27, 2024, Plaintiff filed his First Amended Complaint (Doc. 9). The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, fails to state a claim upon which relief may

**JDDL-K**

1    be granted, or seeks monetary relief from a defendant who is immune from such relief.

2    § 1915A(b)(1)–(2).

3        A pleading must contain a "short and plain statement of the claim *showing* that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does

5    not demand detailed factual allegations, "it demands more than an unadorned, the-

6    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7    (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice." *Id.*

9        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550

11   U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that

12   allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

14   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15   experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

16   allegations may be consistent with a constitutional claim, a court must assess whether there

17   are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

18       But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

20   (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

21   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

22   U.S. 89, 94 (2007) (per curiam)).

23       If the Court determines a pleading could be cured by the allegation of other facts, a

24   pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the

25   action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court

26   will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because

27   it could possibly be amended to state a claim, the Court will dismiss it with leave to amend.

28   . . . .

JDDL-K

## II.    First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues ASPC-Tucson Winchester Unit Warden John McAdorey, Deputy Warden Reyes, Correctional Officer II Galaz, and Senior Chaplain Ware.    Plaintiff asserts claims regarding his exercise of religion.    He seeks reversal of all disciplinary reports and sanctions associated with the claims he asserts, handwritten apologies from each Defendant, monetary relief, and his costs and fees for this case.

In Count One, Plaintiff alleges Defendant Galaz told Plaintiff to cut his beard during visitation.    Plaintiff explained "it was against a sincerely held religious belief."    Defendant Galaz told Plaintiff it did not matter and Plaintiff had to follow policy.    Plaintiff spoke with chaplaincy staff and requested a shaving waiver for religious reasons.    Defendant Ware told Plaintiff his claims were "not credible" and if he did not want to "face discipline," he would have to conform and adhere to the grooming policy.    Plaintiff reached out to Defendant McAdorey, who told Plaintiff it was not a "requirement" of Plaintiff's religion but a mere personal preference Plaintiff could not exercise "due to policy."    "[W]hen informed," Defendant Reyes "did not put a stop to the actions against [Plaintiff] by one of her officers for practicing [his] religion."    Defendant Galaz continuously issued disciplinary reports against Plaintiff for exercising his religion and "escalat[ed] a situation to an 'ICS' during a discussion about [his] sincerely held religious beliefs."    That day, Plaintiff "went against [his] beliefs and cut [his beard] to their standards in order to avoid punishment."    Defendant Galaz continued to harass Plaintiff even after he cut his beard by threatening Plaintiff with disciplinary actions "to provoke [him]."

In Count Two, Plaintiff alleges Defendant Ware told him only Sikh prisoners were approved for shaving waivers.    Plaintiff contends this denies him equal protection of the laws.    Plaintiff asserts that by enforcing this policy, Defendant McAdorey "creates a law" abridging his privileges as a citizen.    Plaintiff claims Defendant Galaz's "action[s] against [him] for practicing [his] religion" also abridge his privileges as a citizen.    Plaintiff alleges Defendant Reyes failed to stop her staff from punishing him for exercising his religion and

thereby denied him equal protection. As his injury, Plaintiff contends he was harassed, denied a reasonable remedy, "[f]orced to act against [his] religious belief to avoid punishment," and subjected to disciplinary reports and sanctions. Plaintiff claims he also suffered depression, anxiety, fear, mental anguish, and loss of privileges.

Plaintiff designates Count Three as a First Amendment discrimination claim. Plaintiff alleges Defendant Ware informed him "only the S[]ikh religion could receive shaving waivers" and Plaintiff could not receive such a waiver because he is Muslim. Plaintiff claims Defendant Galaz singled him out for discipline and "pursued conflict." Plaintiff further asserts Defendants McAdorey and Reyes were aware Plaintiff was the only prisoner at Winchester Unit "receiving punishment for [his] beard and . . . it was a sincerely held religious belief of [his]." Plaintiff contends Defendants Ware, Galaz, Reyes, and McAdorey failed to equitably enforce the grooming policy and no other prisoners received disciplinary action or sanctions for refusing to cut their beards or had to produce a "document of proof of length of beard after being visually inspected [and] conf[o]rmed to avoid harassment." As his injury, Plaintiff alleges he is singled out, treated differently and unfavorably, and "made to seem as if [he is] a troublemaker." Plaintiff claims he suffers mental anguish from "fear of not knowing what to expect" and has stopped family visits due to fear.

**III.     Failure to State a Claim**

To prevail on a § 1983 claim, a plaintiff must show (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005). In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

**A.     Religious Exercise**

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.

§§ 2000cc–2000cc-5, prohibits the government from imposing a substantial burden on the religious exercise of an institutionalized person unless the government establishes the burden furthers a "compelling governmental interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)–(2). Therefore, to state a claim under RLUIPA, a plaintiff must allege facts showing government action has substantially burdened the exercise of the plaintiff's religion without a compelling government interest and by the least restrictive means. *See Guam v. Guerrero*, 290 F.3d 1210, 1222 (9th Cir. 2002). "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (citation omitted). Thus, an institutionalized person's religious exercise is substantially burdened "where the state . . . denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (alteration in original) (quoting *Thomas v. Rev. Bd. of the Ind. Emp. Sec. Div.*, 450 U.S. 707, 717–18 (1981).

In addition, "[i]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). However, free exercise rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987). To state a First Amendment free exercise claim, a plaintiff must allege a defendant substantially burdened his religious practice without justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008); *Malik v. Brown*, 16 F.3d 330, 334 (9th Cir. 1994); *Warsoldier*, 418 F.3d at 994–95 (pressure on exercise must be substantial). The religious practice or exercise at issue must be rooted in sincerely held religious belief and not in "'purely secular' philosophical concerns." *Malik*, 16 F.3d at 333 (citation omitted).

Plaintiff's allegations do not state a claim under RLUIPA or the First Amendment. First, Plaintiff does not state when any of the events described in the First Amended

Complaint occurred.  Second, Plaintiff does not identify his religion or explain how shaving his beard imposes a substantial burden on his religious exercise.  *See Shakur*, 514 F.3d at 884–85; *Warsoldier*, 418 F.3d at 994–95.  Third, although Plaintiff alleges Defendant Ware told him only Sikh prisoners could receive shaving waivers and claims he requested a shaving waiver and was denied, he does not sufficiently describe his request for a shaving waiver.  Specifically, Plaintiff does not state whether he told Defendant Ware his request for a waiver was based on a sincerely held religious belief, whether Ware gave any reasons for disbelieving Plaintiff's claims, or whether Defendant McAdorey gave any reasons for disbelieving a waiver was a requirement of Plaintiff's religion.  Plaintiff has not alleged facts supporting that requiring him to comply with the grooming policy applicable to all prisoners who do not have a shaving waiver is not reasonably related to legitimate penological interests.  As presented, Plaintiff fails to state a claim in Count One, which will be dismissed.  Plaintiff's allegations in Count Three are duplicative of his claims in Count One and will also be dismissed.

### B.      Equal Protection

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged facts to support he was discriminated against by any named Defendant *because of* his religion.  Plaintiff alleges Defendant Ware told Plaintiff only the Sikh religion was approved for a shaving waiver, but that does not indicate Ware denied Plaintiff a shaving waiver *because of* Plaintiff's religion.  Rather, Plaintiff's allegations indicate Defendants required Plaintiff to comply with the grooming policy applicable to all prisoners who did not have a shaving waiver.

The United States Supreme Court has also recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564

1  (2000); *see also SeaRiver Maritime Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th

2  Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.  Plaintiff has

3  failed to allege he was treated differently than other similarly situated individuals and there

4  was no rational basis for treating him differently.  Plaintiff fails to state a claim in Count

5  Two, and it will be dismissed.

6  **IV.    Leave to Amend**

7         For  the  foregoing  reasons,  the  Court  will  dismiss  Plaintiff's  First  Amended

8  Complaint for failure to state a claim upon which relief may be granted.  Within 30 days,

9  Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.

10  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second

11  amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike

12  the second amended complaint and dismiss this action without further notice to Plaintiff.

13         Plaintiff must clearly designate on the face of the document that it is the "Second

14  Amended Complaint."  The second amended complaint must be retyped or rewritten in its

15  entirety on the court-approved form and may not incorporate any part of the original

16  Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim

17  per count.

18         A second amended complaint supersedes the original Complaint and First Amended

19  Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios,*

20  *Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the

21  Court  will  treat  the  original  Complaint  and  First  Amended  Complaint  as  nonexistent.

22  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original Complaint or First

23  Amended Complaint and voluntarily dismissed or dismissed without prejudice is waived

24  if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d

25  896, 928 (9th Cir. 2012) (en banc).

26  . . . .

27  . . . .

28  . . . .

JDDL-K

**V.     Warnings**

    **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g).

    **D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

JDDL-K

- 8 -

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice stating the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 21st day of February, 2025.

Honorable Scott H. Rash
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $405.00 ($350.00 filing fee plus $55.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  *See* LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Unless you are an inmate housed at an Arizona Department of Corrections facility that participates in electronic filing, mail the original and one copy of the complaint with the $405 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 11/6/24

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  *See* Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
    A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:    _____
> Address:_____
>             Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed.**  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

               Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

           Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
            (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____ .  The  first  Defendant  is  employed
as: _____ at _____ .
(Position and Title)                                              (Institution)

2.  Name of second Defendant: _____ .  The second Defendant is employed as:
as: _____ at _____ .
(Position and Title)                                              (Institution)

3.  Name of third Defendant: _____ .  The  third  Defendant  is  employed
as: _____ at _____ .
(Position and Title)                                              (Institution)

4.  Name of fourth Defendant: _____ .  The  fourth  Defendant  is  employed
as: _____ at _____ .
(Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____ .  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____ .
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____ .

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____ .
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____ .

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number:  _____ .
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated:  _____

_____.

2.    **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____

_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes      ☐ No
    b.    Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
    c.    Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____.

**COUNT III**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail                    ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?        ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____             _____
                        DATE                                                SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.